UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CHAMBERS
THOMAS W. THRASH JR.
U.S.D.C. Atlanta

JUL 3 1 2006

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

| | |
|---|---|
| STUART MANLEY, | CIVIL ACTION NO. |
| Petitioner, | 1:06-CV-1469-TWT |
| v. | |
| MICHAEL A. ZENK, | HABEAS CORPUS |
| Respondent. | 28 U.S.C. § 2241 |

## ORDER AND OPINION

Petitioner, Stuart Manley, an inmate incarcerated at the United States Penitentiary in Atlanta, Georgia ("USP-Atlanta"), has submitted the instant 28 U.S.C. § 2241 habeas corpus petition against USP-Atlanta Warden Michael A. Zenk. This matter is now before the Court for a review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Rule 4").[1]  This matter is also before the Court on Petitioner's motions for pretrial instructions [Doc. 2], for discovery [Doc. 4], for an order staying the execution of his sentence [Doc. 5], and for the appointment of counsel [Doc. 6].

### Background

Petitioner states that he was arrested by federal authorities on May 20, 2005. [Doc. 1 at 2]. On May 26, 2005, Petitioner was brought before United States

---

[1]  Pursuant to Rule 1(b), the Rules Governing Section 2254 Cases in the United States District Courts are also applicable to 28 U.S.C. § 2241 cases.

Magistrate Judge C. Christopher Hagy for a detention hearing under the Bail Reform Act ("Act"), codified at 18 U.S.C. § 3141, et seq. [Id.] (United States v. Manley, Case No. 1:05-CR-278 ("Petitioner's Criminal Proceeding") at Docket Entries 5-7). Following the hearing, Magistrate Judge Hagy entered an Order of Detention pending trial. (Petitioner's Criminal Proceeding at Docket Entry 7).

Thereafter, on June 14, 2006, the Government issued a three-count indictment charging Petitioner with various crimes in violation of 18 U.S.C. §§ 2422(b), 2252A(a)(1)(a), and 2252A(a)(2)(A). (Id. at Docket Entry 8). On January 23, 2006, Petitioner entered a plea of guilty as to each count in the indictment. (Id. at Docket Entry 40). District Judge J. Owen Forrester entered a Judgment and Commitment on June 27, 2006, which sentenced Petitioner to a total of 360 months in prison. (Id. at Docket Entry 54). Petitioner is presently appealing his convictions and sentence to the Eleventh Circuit Court of Appeals. (Id. at Docket Entry 56).

In the instant § 2241 petition, Petitioner primarily complains about his May 26, 2005, pretrial detention hearing and subsequent Order of Detention pending trial. Petitioner claims that this criminal proceeding violated the Double Jeopardy Clause because it essentially subjected Petitioner to two trials for the same offenses. [Id. at 3-14, 26-30]. To further support his double jeopardy claim, Petitioner contends that his confinement has resulted in excessive and successive punishments because he is

2

being housed along with convicted felons at the USP-Atlanta. [Id. at 14-16]. Finally, Petitioner appears to raise various constitutional claims challenging the conditions of his confinement at the USP-Atlanta. [Id. at 16-24].

## Discussion

### 1. Habeas Corpus claims

A habeas corpus petition generally attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement. Preiser v. Rodriguez, 411 U.S. 475, 489 (1973); see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (noting that claims challenging the fact or duration of a term of confinement "fall within the 'core' of habeas corpus"). Petitioner seeks habeas corpus relief with respect to his double jeopardy claim seeking to challenge his pretrial detention.

Under the Act, a federal court must order a person either "released" or "detained" pending trial, imposition and execution of sentence, and appeal. 18 U.S.C. § 3141. Pretrial detention is allowed only after the court holds a hearing and finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Pursuant to 18 U.S.C. § 3145(b), a federal pretrial detainee may move for revocation or amendment of a detention order issued under the Act. Further,

3

that detainee may appeal either his detention order or order denying revocation or amendment to the court of appeals. 18 U.S.C. § 3145(c).

A federal pretrial detainee who seeks to challenge a detention order through a § 2241 habeas petition must first exhaust his remedies provided under § 3145. See United States v. Pipito, 861 F.2d 1006, 1008-09 (7th Cir. 1987) (holding that the district court properly refused to entertain a federal detainee's § 2241 petition because he should have sought review of the detention order under § 3145); Fassler v. United States, 858 F.2d 1016, 1017-18 (5th Cir. 1988) (holding that the remedies available under § 3145 are strongly preferred to a § 2241 petition); Moore v. United States, 875 F.Supp. 620, 623 (D. Neb. 1994) (concluding that a federal pretrial detainee seeking to challenge his detention order should exhaust his available remedies under § 3145 before filing a § 2241 habeas petition).

In the instant action, the record reflects that Petitioner failed to challenge Magistrate Judge Hagy's Order of Detention by either moving for a revocation or amendment of that order or appealing to the Eleventh Circuit. Petitioner's habeas corpus claim based on violations of the Double Jeopardy Clause, therefore, is subject to dismissal on the grounds that Petitioner failed to exhaust his available remedies before filing the instant § 2241 petition. Even if Petitioner had exhausted his available remedies, Petitioner's double jeopardy claim, which relates to his pretrial confinement,

4

has been rendered moot by his subsequent convictions and sentence. See Fassler, 858 F.2d at 1018. Accordingly, Petitioner is not entitled to federal habeas relief.

## 2. Conditions-of-Confinement Claims

In the instant petition, Petitioner appears to assert several constitutional claims challenging the conditions of his confinement. Specifically, Petitioner claims that the USP-Atlanta's law library is inadequate, that he is subject to lock down in his cell twenty-three hours of every day, and that he has only one hour per day for recreation, to change clothes, to bath, to make telephone calls, and to tend to medical issues.

In contrast to habeas corpus petitions, federal prisoners who seek to challenge the conditions of their confinement generally proceed pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).[2] See Nelson, 541 U.S. at 643; Preiser, 411 U.S. at 499. Thus, to the extent that Petitioner seeks to challenge his conditions of confinement at the USP-Atlanta, he is not entitled to federal habeas corpus relief. See Howard v. Haley, Case No. 01-0065, 2001 WL 303534 at *1-2 (S.D. Ala. 2001) (recognizing that "[t]he writ of habeas corpus does not extend to challenges to the conditions of confinement."). Accordingly,

---

[2] In Bivens, the Supreme Court held that the violation of a person's constitutional rights by a federal official may give rise to a civil action in federal court pursuant to 28 U.S.C. § 1331. Bivens, 403 U.S. at 395-98.

5

Petitioner's claims challenging the conditions of his confinement are subject to dismissal.[3]

### Conclusion

For the foregoing reasons, this Court concludes that the instant petition appears legally insufficient on its face and that Petitioner has failed to state a claim for federal habeas corpus relief. **IT IS THEREFORE ORDERED** that, pursuant to Rule 4, the instant petition is **DENIED** and that the instant action is **DISMISSED**.

**IT IS ORDERED** that Petitioner's motion seeking leave to proceed in forma pauperis [Doc. 3] is **GRANTED** for the sole purpose of dismissal.

**IT IS FURTHER ORDERED** that Petitioner's remaining motions [Docs. 2, 4, 5, and 6] are **DENIED** as moot.

**IT IS SO ORDERED**, this  31  day of  July , 2006.

_/s/ Thomas W. Thrash_
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Dismissal of Petitioner's conditions-of-confinement claims in the context of the instant § 2241 petition does not preclude Petitioner from raising them in a separate Bivens action.